09-1945-cv
Kuzinski v. Schering Corp.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

**S U M M A R Y     O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July two thousand ten.

Present:  AMALYA L. KEARSE,
          PETER W. HALL,
                              Circuit Judges,
          JED S. RAKOFF,
                              District Judge[*].

_____

EUGENE KUZINSKI, MARC CAMPANO, JERRY HARRIS, and SHAWN JONES, on behalf of themselves and others similarly situated,

                              Plaintiff-Appellees,

                    - v. -                              No. 09-1945-cv

SCHERING CORPORATION,

                              Defendant-Appellant.

_____

For Appellant:      DAN HIMMELFARB, Washington, D.C. (Robert P. Davis, Brian D. Netter, Mayer Brown, Washington, D.C.; Diana L. Hoover, Mayer Brown, Houston, Texas, on the briefs).

_____

[*]    Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellees:        MATTHEW D. BRINCKERHOFF, Emery Celli Brinckerhoff & Abady, New York, New York (Michael R. DiChiara, Charles Joseph, Joseph & Herzfeld, New York, New York; David A. Slossberg, Andrew W. Skolnick, Hurwitz, Sagarin, Slossberg & Knuff, Milford, Connecticut, on the brief).

Appeal from an order of the United States District Court for the District of Connecticut.

ON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said district court be and it hereby is AFFIRMED.

Defendant Schering Corporation ("Schering") appeals pursuant to 28 U.S.C. § 1292(b) from an order of the United States District Court for the District of Connecticut, Janet Bond Arterton, Judge, which denied its motion for summary judgment dismissing the claims of plaintiffs, pharmaceutical sales representatives ("Reps") formerly employed by Schering, for overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. Schering moved for summary judgment, arguing that Reps fall within the FLSA's exemption for "outside salesm[e]n," 29 U.S.C. § 213(a)(1). In a ruling dated March 30, 2009, and reported at 604 F.Supp.2d 385, the district court denied Schering's motion, concluding that, because the Reps undisputedly do not sell or make sales as those terms are defined in the FLSA and the regulations promulgated thereunder by the Secretary of Labor, the Reps fall outside the FLSA's outside sales employee exemption. In an order dated April 17, 2009, the district court certified its order denying summary judgment as worthy of an immediate appeal pursuant to § 1292(b). Schering petitioned this Court, as required by that section, for leave to appeal; we granted the petition and heard Schering's appeal in tandem with the appeal in In re Novartis Wage and Hour Litigation, No. 09-0437-cv. We assume the parties' familiarity with the remaining facts and procedural history of the case.

On appeal, Schering contends that the district court erred as a matter of law in determining that the Reps were not exempt outside salesmen. We disagree. The burden of proving that employees fall within an exemption from the FLSA overtime pay requirements is on the employer. See, e.g., Bilyou v. Dutchess Beer Distributors, Inc., 300 F.3d 217, 222 (2d Cir. 2002). Reviewing the matter de novo, and taking the record in the light most favorable to the plaintiffs, see, e.g., Dillon v. Morano, 497 F.3d 247, 251 (2d Cir. 2007), we conclude, for the reasons stated in the district court's well-reasoned ruling, see 604 F.Supp.2d at 395-403, that Schering did not meet its burden. Accordingly, we affirm the order denying summary judgment for the reasons stated in the district court's ruling and for the reasons stated in our opinion in In re Novartis Wage & Hour Litigation, No. 09-0437 (2d Cir. July 6, 2010), also issued today.

We have considered all of Schering's contentions on this appeal and have found them to be without merit. The order of the district court denying Schering's motion for summary judgment is affirmed, and the matter is remanded for further proceedings not inconsistent with this order.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, Clerk of Court